# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| Shundria Bell, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC, an Illinois limited liability company, | |
| Experian Information Solutions, Inc., a foreign corporation, | |
| Pennsylvania Higher Education Assistance Agency Parents' Association, Inc., a foreign corporation, | |
| Ally Financial, Inc., a foreign corporation, | |
| Navient Corporation d/b/a Navient Solutions, LLC, a foreign corporation, and | |
| Stern Recovery Services, Inc., a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, SHUNDRIA BELL, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mc Rae, Telfair County, Georgia.

4. Venue is proper in the Southern District of Georgia, Dublin Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Mc Rae, Telfair County, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

b.  Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

c.  Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia;

d.  Pennsylvania Higher Education Assistance Agency Parents' Association, Inc. ("PHEAA") is a foreign corporation that conducts business in the State of Georgia;

e.  Ally Financial, Inc. ("Ally Financial") is a foreign corporation that conducts business in the State of Georgia;

f.  Navient Corporation d/b/a Navient Solutions, LLC ("Navient") a foreign corporation that conducts business in the State of Georgia; and

g.  Stern Recovery Services, Inc. ("Stern Recovery") is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7.  PHEAA, Ally Financial, Navient and Stern Recovery (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

8.  PHEAA is inaccurately reporting two of its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

9.  Ally Financial is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax, Trans Union and Experian credit disclosures.

10. Navient and Stern Recovery are inaccurately reporting their Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax credit disclosure.

11. Plaintiff no longer disputes the Errant Tradelines.

12. On May 11, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of "account in dispute."

13. On May 26, 2020, Plaintiff obtained her Experian credit disclosure and noticed the Errant Tradelines reporting with a notation of "account in dispute."

14. On or about June 12, 2020, Plaintiff submitted separate letters to Equifax, Trans Union and Experian requesting that the credit bureaus remove the notation of "account in dispute."

15. Equifax, Trans Union and Experian forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax, Trans Union and Experian.

16. Equifax, Trans Union, Experian and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. Plaintiff had not received Experian's investigation results. Therefore, on July 27, 2020, Plaintiff obtained her Experian credit disclosure, which showed that Experian and the Furnishers failed or refused to remove the notation of "account in dispute."

18. Plaintiff had not received Equifax's and Trans Union's investigation results. Therefore, on July 31, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of "account in dispute."

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notation, PHEAA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. PHEAA negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

23. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax, Trans Union and Experian to which it is reporting such tradelines.

24. As a direct and proximate cause of PHEAA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. PHEAA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against PHEAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, PHEAA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

29. PHEAA willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of PHEAA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. PHEAA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT III</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by Equifax, Trans Union and Experian of Plaintiff's consumer dispute of the erroneous notation, Ally Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

34. Ally Financial negligently failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax, Trans Union and Experian to remove the notation of "account in dispute."

35. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax, Trans Union and Experian to which it is reporting such Tradelines.

36. As a direct and proximate cause of Ally Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

37. Ally Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

38. Plaintiff has a private right of action to assert claims against Ally Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ally Financial for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Equifax, Trans Union and Experian that Plaintiff disputed the accuracy of the information it was providing, Ally Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

41. Ally Financial willfully failed to review all relevant information available to it and provided by Equifax, Trans Union and Experian as required by 15 USC 1681s-2(b).

42. As a direct and proximate cause of Ally Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

43. Ally Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Ally Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

44. Plaintiff realleges the above paragraphs as if recited verbatim.

45. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Navient negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

46. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to remove the notation of "account in dispute."

47. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such Tradeline.

48. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

49. Navient is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

50. Plaintiff has a private right of action to assert claims against Navient arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Navient for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

53. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

54. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

55. Navient is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STERN RECOVERY

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Stern Recovery negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

58. Stern Recovery negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the notation of "account in dispute."

59. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such Tradeline.

60. As a direct and proximate cause of Stern Recovery's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

61. Stern Recovery is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

62. Plaintiff has a private right of action to assert claims against Stern Recovery arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Stern Recovery for damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STERN RECOVERY

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Stern Recovery willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

65. Stern Recovery willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

66. As a direct and proximate cause of Stern Recovery's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

67. Stern Recovery is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Stern Recovery for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

68. Plaintiff realleges the above paragraphs as if recited verbatim.

69. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

70. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

71. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

72. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

74. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

77. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

78. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

79. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>COUNT XI</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

84. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

85. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it

reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

86. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

87. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

88. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT XII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

89. Plaintiff realleges the above paragraphs as if recited verbatim.

90. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

19

91. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

92. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

93. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

94. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

95. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANS UNION

96. Plaintiff realleges the above paragraphs as if recited verbatim.

97. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

98. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

99. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

100. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

101. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

102. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

103.    Plaintiff realleges the above paragraphs as if recited verbatim.

104.    Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

105.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

106.    Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

107.    After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

108.    As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

109.    Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.


## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: October 28, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Shundria Bell*

23