IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| SHUNDRIA BELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 320-074 |
| v. | * | |
| | * | |
| EXPERIAN INFORMATION SOLUTIONS, | * | |
| INC., a foreign corporation; | * | |
| PENNSYLVANIA HIGHER EDUCATION | * | |
| ASSISTANCE AGENCY,[1] a foreign | * | |
| corporation; and ALLY FINANCIAL, | * | |
| INC., a foreign corporation, | * | |
| | * | |
| Defendants. | * | |

# O R D E R

Plaintiff Shundria Bell, through counsel, has filed this civil action asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") has moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[2] The motion to dismiss is hereby **GRANTED**.

---

[1] This entity, Pennsylvania Higher Education Assistance Agency ("PHEAA") was incorrectly identified in the Amended Complaint as the Pennsylvania Higher Education Assistance Agency Parents' Association, Inc. The Clerk is directed to modify the party name on the docket accordingly.

[2] PHEAA first moved to dismiss the original Complaint on June 17, 2021. Rather than respond, Plaintiff filed an Amended Complaint removing several defendants. The allegations pertaining to PHEAA appear unchanged in the Amended Complaint. PHEAA nevertheless filed a motion to dismiss the Amended Complaint. The Court resolves herein PHEAA's motion to dismiss the Amended Complaint (doc. no. 25);

## I. BACKGROUND

The FCRA imposes duties upon consumer credit reporting agencies ("CRAs") and on furnishers of credit information. Relevant to this motion, PHEAA is a furnisher of credit information. Under the FCRA, furnishers must conduct a reasonable investigation upon receiving notice of a consumer dispute about the accuracy of any information provided by the furnisher to a CRA. 15 U.S.C. § 1681s-2(b); see also Yuli v. Trans Union, LLC, 2020 WL 5604748, at *3 (E.D.N.Y. Aug. 7, 2020) (stating that credit furnishers are required "to investigate and verify the accuracy of the information that they report following notice of a dispute from a credit reporting agency" (cited source omitted)). It is this provision that Plaintiff contends PHEAA negligently and willfully violated in Counts I and II of the Amended Complaint respectively.

The allegations of the Amended Complaint, taken as true for purposes of the motion to dismiss, are as follows. In May 2020, Plaintiff obtained credit reports from CRAs - Equifax, Trans Union and Experian - that showed two tradelines reported by PHEAA as an "account in dispute." (Am. Compl., Doc. No. 21, ¶¶ 8, 11-12.) Plaintiff inferentially concedes that at that time the "account in

---

accordingly, the Clerk is directed to **TERMINATE** the previously filed motion to dismiss (doc. no. 16).

dispute" notation was accurate.[3] (See id. ¶¶ 10, 13 (stating she "no longer" disputes the tradelines).) On June 12, 2020, Plaintiff wrote separate letters to each of these CRAs to notify them that she no longer disputed the PHEAA tradelines and that the inaccurate "account in dispute" should be removed. (Id. ¶ 13.) Plaintiff alleges that the CRAs forwarded her "non-dispute letters" to PHEAA. (See id. ¶ 14.) She complains that PHEAA nevertheless verified to the CRAs that the disputed status was accurate. (Id. § 15.) Thus, the credit reports from Equifax, Trans Union and Experian continue to notate the PHEAA tradelines with "account in dispute." (Id. ¶¶ 16-17.)

Plaintiff complains in Count I that PHEAA negligently failed to conduct a proper investigation upon receipt of the non-dispute letters from the CRAs, and she complains in Count II that PHEAA's failure to properly investigate was willful. More particularly, Plaintiff alleges that PHEAA failed to review all relevant information available to it from the CRAs in conducting the investigation required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to remove the "account in dispute" notation. Plaintiff claims that as a result, she "has suffered damages, mental anguish, suffering, humiliation, and embarrassment." (Id. ¶¶ 23, 29.)

---

[3] Indeed, Plaintiff never disputes this fact in brief. Thus, at the time of this first credit check, the PHEAA tradelines "account in dispute" were accurate.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading state, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. LEGAL ANALYSIS

The Eleventh Circuit succinctly described the duties of a furnisher of information under the FCRA in Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305 (11th Cir. 2018). Furnishers of information are required to "(1) report accurate information to CRAs regarding consumers, see 15 U.S.C. § 1681s-2(a); and (2) conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher, see 15 U.S.C. § 1681s-2(b)." Id. at 1312. Importantly, consumers do not have a private right of action against a furnisher for violation of the first duty; instead, a consumer only has a private right of action against a furnisher for a violation of § 1681s-2(b), for failing to conduct an investigation following notice of a dispute by a CRA. Id. (citing 15 U.S.C. § 1681s-2(c)). The issue raised by PHEAA's motion to dismiss is whether the Amended Complaint states facts sufficient to state a claim that PHEAA, as a furnisher of information, violated its duty to conduct an investigation upon receipt of the non-dispute letters from the CRAs.

Similar claims against information furnishers have been made by similarly situated plaintiffs in several cases, often by the same plaintiff's attorney. For instance, the facts in McGee v. Equifax Info. Servs., LLC, 2019 WL 2714505 (N.D. Ga. Mar. 19, 2019) (on Report and Recommendation by Magistrate Judge Salinas), are

5

substantially similar to the instant case with one exception – the plaintiff in McGee alleges that she *originally* disputed the tradeline with the furnisher of information.[4] Thereafter, however, the McGee plaintiff never told the furnisher that she no longer disputed the debt; rather, she notified only the CRAs that she no longer disputed the debt. Id. at *2. Relying upon a nearly identical case out of the District of Arizona,[5] the McGee court dismissed the plaintiff's FCRA claims under § 1681s-2(b) because the plaintiff never directly told the furnisher that she no longer disputed the debt. The McGee court reasoned that had the furnisher removed the "account in dispute" notation based solely on the information provided by the CRAs, the furnisher would have violated § 1681s-2(a)(3) of the FCRA (id. at *3), which provides:

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by the consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

15 U.S.C. § 1681s-2(a)(3). Accordingly, the case was dismissed for failure to state a claim. McGee v. Equifax Info. Servs., LLC, 2019 WL 2714497 (N.D. Ga. Apr. 9, 2019) (Cohen, J.) (adopting Report and Recommendation).

---

[4] The plaintiff's attorney in McGee was not the same attorney as in the instant case.

[5] See Roth v. Equifax Info. Servs., LLC, 2017 WL 2181758, at *3 (D. Ariz. May 17, 2017).

In May 2020, Plaintiff Shundria Bell's attorney, Daniel Michael Brennan from Southfield, Michigan, filed no less than nine lawsuits in the Northern District of Georgia with similar facts to the instant case.[6] One of the cases, Briscoe v. Equifax Info. Servs., LLC, came before the same United States Magistrate Judge (Judge Salinas) on Report and Recommendation for a motion to dismiss as had the McGee case. The Briscoe court noted that Mr. Brennan had appeared to craft the complaint in a "thinly veiled attempt to avoid the result in McGee [by omitting] any allegation whatsoever indicating to whom Plaintiff initially disputed the subject account." 2020 WL 10046994, at *7. Nevertheless, the Briscoe court did not solely rely upon the legal quandary in which the plaintiff's letter to the CRAs placed the furnisher of information under 15 U.S.C. § 1681s-2(a)(3) as it did in McGee. Rather, the Briscoe court discussed whether the plaintiff had alleged facts sufficient to show that the furnisher had not conducted a proper investigation of the plaintiff's dispute upon receiving the letter from the CRAs. Id. at *7. The court determined that the plaintiff had identified no facts that the furnisher "could have uncovered through an investigation that the

---

[6] These cases are listed in Briscoe v. Equifax Info. Servs., LLC, 2020 WL 10046994, at *4 (N.D. Ga. Oct. 27, 2020). The fact of filing these other cases did not factor into the Court's determination that the amended complaint fails to state an FCRA claim. Rather, the cases lend support to this Court's analysis as discussed below. Nevertheless, it appears this attorney is foraging for conditions, defects, and shortcomings in the handling of consumer interactions by furnishers of information and CRAs alike which cuts against the salutary purpose of the Fair Credit Reporting Act as intended by Congress.

reported information (i.e., that the account was in dispute) was, in fact, inaccurate or incomplete." Id. at *8. The Briscoe court also noted that the plaintiff "is trying to create inaccuracies in her credit reporting by first 'disputing' and then 'un-disputing' certain tradelines" and that the FCRA does not appear to support a claim based on "such self-manufactured 'inaccuracies.'" Id. at *8 n.7. The motion to dismiss the FCRA claims against the furnisher of information was granted. Briscoe v. Equifax Info. Servs., LLC, 2021 WL 2376663 (N.D. Ga. Jan. 12, 2021) (Ray, J.) (adopting Report and Recommendation).

Following Briscoe, the Northern District of Georgia dismissed the following similar cases filed by Mr. Brennan upon a determination that the plaintiff had alleged no facts to show that the furnisher's investigation should have triggered its obligation to correct the information, that is, to cause "account in dispute" to be removed from its tradeline:

1) Griffin v. Equifax Info. Servs., LLC, 2021 WL 2558510 (N.D. Ga. Feb. 17, 2021) (Thrash, J.) (adopting Report and Recommendation, 2021 WL 2557507 (N.D. Ga. Jan. 25, 2021) (Bly, M.J.));

2) Foreman v. CCS Commercial, LLC, 2021 WL 2376341 (N.D. Ga. Jan. 19, 2021) (Batten, J.) (adopting Report and Recommendation, 2020 WL 8254379 (N.D. Ga. Nov. 10, 2020) (Johnson, M.J.));

3) <u>White v. Wells Fargo Bank, N.A.</u>, 2021 WL 2020612 (N.D. Ga. Feb. 17, 2021) (May, J.) (adopting Report and Recommendation, 2020 WL 9607010 (N.D. Ga. Nov. 27, 2020) (Baverman, M.J.)); and

4) <u>Hardnett v. Equifax Info. Servs., LLC</u>, 2021 WL 2201301 (N.D. Ga. Apr. 26, 2021) (May, J.) (adopting Report and Recommendation, 2020 WL 9598943 (N.D. Ga. Dec. 16, 2020) (Cannon, M.J.)).

Plaintiff Shundria Bell, through Mr. Brennan as counsel, filed the instant action in this district on October 28, 2020, against the three CRAs, PHEAA and three other furnishers of information. Two of CRAs and two of the furnishers of information have been dismissed; Defendant Experian, Defendant PHEAA and Defendant Ally Financial, Inc. remain.[7]

The Court has read and considered each of the cited Northern District cases and generally agrees with the reasoning therein. Further, the Court is guided by the Eleventh Circuit, which held that the appropriate touchstone for evaluating a furnisher's investigation under § 1691s-2(b) is reasonableness. <u>Felts</u>, 893 F.3d at 1312 (quotations and quoted source omitted). The <u>Felts</u> court further explained:

> [A] plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the

---

[7] Ally Financial recently filed an answer to the Amended Complaint, reserving its right to file a motion for judgment on the pleadings.

9

>  furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information. Absent that showing, a plaintiff's claim against a furnisher necessarily fails . . . . [A] plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete <u>without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete</u>.

<u>Id.</u> at 1313 (latter emphasis added). Applying this standard, the Court concludes that the Amended Complaint does not state sufficient facts to demonstrate that the investigation undertaken by PHEAA upon receipt of notice from the CRAs was unreasonable. In fact, Plaintiff alleges no facts at all with respect to PHEAA's investigation. Rather, Plaintiff broadly asserts that PHEAA "failed to review all relevant information available to it and provided by [the CRAs] in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b)." (Am. Compl. ¶ 21.) The Amended Complaint is void of details as to what kind of investigation PHEAA should have performed, what it should have reviewed, and what relevant information it should have uncovered. With no factual content, the Court cannot draw a reasonable inference that PHEAA is liable for the misconduct alleged as required by the <u>Iqbal</u>/<u>Twombly</u> paradigm.

Plaintiff argues, and perhaps the Court could infer from the Amended Complaint, that PHEAA would have uncovered the letter written by Plaintiff to the CRAs notifying them that the tradelines

10

are no longer in dispute since the CRAs forwarded the letter to PHEAA. Every judge in the Northern District to address this contention has rejected it because the plaintiff did not inform the furnisher directly that he or she no longer disputed the tradeline. Consequently, the furnisher remained under a duty to report the information as disputed. See, e.g., Foreman, 2020 WL 8254379, at *4 (citing 15 U.S.C. § 1681s-2(a)(3)). Rather, without any further information directly from the plaintiff, there was nothing for the furnisher to investigate, and "[a]ny investigation would have yielded no new information to compel it to withdraw plaintiff's dispute." See, e.g., Id. (concluding that any investigation into the furnisher's own files would have yielded only a record of the plaintiff's dispute); Roth, 2017 WL 2181758, at *9 ("The decision to dispute or not dispute a debt is completely up to the debtor. The last [the furnisher] heard directly from plaintiff was that she disputed the debt and that is all any investigation [of the furnisher's] files would have turned up."). The Court similarly rejects Plaintiff's contention that her letter to the CRAs triggered PHEAA's obligation to correct the "account in dispute" information.

In short, the Amended Complaint fails to allege sufficient facts to state a claim that Defendant PHEAA, as the furnisher of information, violated 15 U.S.C. § 1681s-2(b) in failing to conduct a reasonable investigation.

11

## IV.  CONCLUSION

Plaintiff has failed to state a plausible claim for relief against Defendant PHEAA under the FCRA.  For this reason, Defendant PHEAA's motion to dismiss the amended complaint (doc. no. 25) is **GRANTED** with respect to Defendant PHEAA only.  The Clerk shall **TERMINATE** Defendant PHEAA's first motion to dismiss (doc. no. 16), see note 2 supra.  The Clerk is directed to **ENTER JUDGMENT** in the case for Defendant PHEAA and against Plaintiff Bell.  Costs shall be taxed against Plaintiff.  The case shall proceed according to the Scheduling Order entered on August 19, 2021.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE